Mr. International Corporation, Ed Howe, v. Town of Forest Heights, MD Ed Howe Mr. Lisco? Lisco? Lisco. Lisco. Yes, sir. Good to have you here, sir. Thank you, sir. May it please the Court, James Lisco for the Plaintiff Appellants. This case concerns Maryland's speed monitoring statute for speed camera tickets. But what's at issue in this appeal has nothing to do with the operation of the cameras themselves or whether that's appropriate. What's at issue here is more fundamental. The first issue I'd like to talk about is service to process. The first, last, and only time that a defendant is served with process here is by first class male. And our Supreme Court, since 1950, has shown, through numerous cases, has shown an increased concern with property rights and notice in regards to NREM proceedings. The folks that are before us today are the ones who paid the $40 fine or whatever you want to call it. Yes, sir. So the government says they had actual notice. The process is still defective. And what the District Court ruled below, and what's not up for appeal here, is that Maryland law does not find that preclusive to a lawsuit for a civil rights action. And that's what this is. This is a claim under 1983. Maryland law, the District Court cited a Maryland Court of Appeals case, Baker v. Montgomery County, which was also a class action lawsuit dealing with speed camera citations. And what the Court of Appeals there said, they basically said the issues were different in that case. They said the issues were not raised because the plaintiff should have sued as taxpayers that there was no standing. But the court also said, well, there's no reason to cut a bar, there's no preclusive effect of paying the citations, because it's a $40 citation. People might pay these over and over and over again. But to bring it, this case in this manner, has not been precluded by the underlying payment. There's no judgment against those folks that had paid the citations. They may argue on notice, not raise judicata. I'm not arguing raise judicata at all, because it's not up for debate here. The appellee didn't appeal it, and the District Court found the appellant's favor on the issue of preclusion. So there is no raise judicata part of it. What we're arguing about is whether or not first class mail alone, by itself, without posting publication or any attempts at personal service, is a constitutional manner in which to serve a lawsuit. And it's not just for speed camera tickets, although that's where the Maryland statute has it. But what the appellants would have this court do is basically rubber stamp that alone as being service of process for civil action, when you're not talking about property. You mean that's what the appellees would have to do? Excuse me, sir. Yes. That's what the appellee's position would be. You know, you basically stick the complaint in an envelope, and you mail it to the defendant. You never have a return. And you just say, well, I mailed it. I didn't post it. I didn't publish it. I didn't do anything else. I just mailed a copy of the complaint, or in this case, the civil citation, to the defendant, therefore give me a judgment. And here's his last known address. And what we're talking about here is a money judgment. We're not talking about an administrative proceeding, like the MVA coming in and saying you didn't register your vehicle, you have points on your license. We're not talking about that kind of proceeding. We're talking about two parties who have nothing to do with each other. The appellees below are municipalities. The appellants below are folks that just happened to drive through those municipalities and received a citation in the mail. And that is- It's called a citation. You're calling it a complaint? It's a civil penalty. So it's not- Stop on the front page of it, or the top of it, it says citation. Yes, sir. It says it's a civil penalty. And if I'm using the terms interchangeably, it says it's a civil action. And it says that there's no criminal infraction for it. So what I think the court should- What is it, two pages? It's one page and then it's on the back. Well, that's what I mean. Yeah. Two pages. It's one piece of paper, though. But yes, it's two pages. And what we're dealing with- Gives you a lot of information. It does, sir. But the information provided, other than the signature, which I haven't addressed yet, isn't the issue. The issue is that the appellees have attempted service by means of first class mail, threatened a judgment, which they would take, by means of first class mail alone. No other service attempt is made- There's no other proceeding where that's allowed or done. Any other civil action, if I came to any court in Maryland or in the federal system, I said, well, I mailed a copy of the civil action to the defendant, give me my judgment, he hasn't answered, that wouldn't fly anywhere. What kind of a presumption is there in the law that something that's placed in the mail, in first class mail, gets where it's supposed to go? There's a strong presumption that it gets where it's supposed to go, but what we're talking about here is service of process. What we're talking about here is a little more important- A lot of people in the penitentiary have criminal offenses for involving mailings that were presumed to have been received. Certainly. Mail fraud cases and the like. Certainly, but what we're talking about here is the initiation of a lawsuit. That's a little more important than service of a notice of a proceeding. What we're talking about here is the initiation of a lawsuit, allowing the appellee to take a default, and then allowing the appellee to take that default, take that judgment, and execute upon it. And we know that that's what they can do because the statute itself refers to owners of the motor vehicle. It says if the vehicle goes past the camera, we issue the owner's citation- They use these cameras, what, in like school zones? Yes, sir, and work zones. Work zones? Mm-hmm. When they're working on the highway? Yes. For the safety of the worker. Yeah, and- It's a laudable goal in both instances that we, you agree with all that, don't you? I certainly do. We want people to slow down going through the school zone, and we need people to slow down going through the work zone. We certainly do, but what we're talking about here is the initiation of a lawsuit. The facts haven't been proven yet. What we're allowing the appellees to do is to put an envelope in the mail without doing anything else and to take a judgment. They haven't proved anything at that point. Judge Botts cited Matthews v. Eldridge, the 1976 case. It's got some balancing factors in it, and then went through them and analyzed them. He certainly did. I don't think that's the appropriate way to go through it because I think Mullane v. Central- It's not bad law, but that old case, the Matthews v. Eldridge is no longer the law? That has nothing to do with the service of process issue. I think the service of process has followed a different line of cases starting with Mullane in 1950, which said that basically notice, to meet due process, notice shall be reasonably calculated under all the circumstances to apprise the interested party of their rights. That's what Mullane v. Central holding is. Mullane dealt with a property action, dealt with bank accounts, and the only notice provided to the account holders that there was a judicial settlement was publication. The court says, well, you know, that's not exactly fair. That doesn't meet due process. You have to have notice reasonably calculated to apprise the parties of their rights, so why don't you at least mail them a copy of this? We're still talking about a property action. The court doesn't reduce what's required for an in personam action. It just brings in rem actions into the fold of requiring actual due process and calls publication a fiction. That's what that case says, so what we have after Mullane is basically in rem actions being treated more like in personam actions, but doesn't reduce what in personam actions are, and none of even the in rem cases that either of the party sites states mailing alone is sufficient even for an in rem action. And the reason we have a difference between what traditionally were called in rem actions and what traditionally were called in personam actions, and we still do, is because of the exactly what Mullane is talking about, under all the circumstances. Under the circumstances, a property owner has the right to enjoy property, but they also have the responsibility to take care of that property. And that means that if something's posted on the door that says you haven't paid your look for that notice. You can't just ignore your own real property or personal property. Same thing with a forfeiture. How about our decision in this Plummer v. State of Maryland case involving revocation of a driver's license? In that case, you have an administrative action, so the defendant in that case already had a relationship with the administrative body, asked the state for the privilege to operate a motor vehicle, already had that relationship with the body, with the administrative body. It's no different than if a doctor was getting their license revoked. It just happens to be more driver's licenses. That's the central difference there. The defendant or I guess respondent in the Plummer case already had that relationship, already had a duty to respond to the MVA. Here we have a municipality or two municipalities and people have nothing to do with it. We're not talking about property within the municipality and there's no taxes paid on them? I don't know if it's kind of a balancing test that Judge Motz used in the district court. I'm guessing most people would think that their loss of their driver's license or loss of their medical license, which they received the notice by mail, would be far more important to them than receiving a notice for a $40 citation. What I think the Mullane case is telling us is that what we look at is the relationship between the party and the action or the underlying property. If you're a physician, you already have a duty to maintain your license. If you own property, you already have a duty to maintain that property and to know what's going on with it. You already have a relationship with the bank that's taking it in most cases. You already have a relationship and a forfeiture action in many cases. But you have a relationship to the collateral or the property and forfeiture action. You have to know where it is and know what the status of it is. But here you just have people driving in front of a speed camera. In a forfeiture, we don't look at, or excuse me, in a foreclosure, we wouldn't look at what the property itself is. We wouldn't say, well, you know, that house is really nice. That's a $20 million mansion. This fellow should get more due process than this guy with a $20,000 double wide. We don't look at it like that. And I think the Supreme Court precedent is consistent with that, that we look at what the relationship is between the person and the action, the defendant and the action. Here, because as a property owner, you know what's going on. You have an obligation to know what's going on with your property and you have to follow up. As a defendant in personam action, there's nobody but you. If you don't actually receive constitutional notice, what are you supposed to do? You don't know about it. But as a property owner, you should know about it. You should know the bank's going to foreclose because you haven't paid them work. You should know you're about to be evicted because you haven't paid your rent. You should know what's posted at the front door, what's mailed to that property because you own it. But here you're talking about a defendant in a civil action. If this court allows the appellee to get what they want here, what you're essentially going to rubber stamp is any civil action being sent by first class mail. From a constitutional standpoint, the state of Maryland, Commonwealth of Virginia, any other state would be able to reduce their statutory requirements for service process to just that. No return of service. You never get a return. All you'd have is first class mail. Maybe you have an affidavit of I mailed it. That would be it because they don't even have that. But that's all they could ever have is an affidavit of I mailed it. And my clients, the parties pay the citations. It doesn't have anything to do with what this court should decide because it didn't have anything to do with the district court's decision because there's no preclusive effect. They pay the citation just to get rid of it in most cases. They're not going to look at it from a constitutional basis. That's what the district court held. That's not up for appeal. What's up for appeal is whether or not first class mail and first class mail alone satisfies due process. If we look at page 316 of the Mullane case, Mr. Justice Jackson gives us a hint as to how he's thinking when he writes that opinion. He says, The ways an owner with tangible property are such that he usually arranges means to learn of a direct attack upon his possessory or proprietary rights. So he's saying the same thing I am. He's saying it a little nicer than I am. But the truth of the matter is what's at issue in the Mullane case, which is the leading case and the other case of the file, I just don't have that much time to talk about them, What's important is the debtor or the defendant's connection to the underlying action. And we don't look at, well, it's a $40 citation. We look at, this is an in personam action. I'll try to address the second point in my rebuttal. Thank you very much. Thank you, Mr. Lisko. Mr. Karpinski? Thank you, Your Honor. Kevin Karpinski on behalf of the Appalese Town of Riverdale Park and the Town of Forest Heights. Let me start my argument, Your Honors, with correcting a statement made by my colleague. He indicated that this was a civil action resulting in a money judgment. And that is simply not a correct statement under the statute. There can never be a money judgment ever entered in this, as it relates to this particular statute. And specifically, I'm referring to 219809G, which says that if a person liable under this section does not pay the civil penalty or contest the violation, the administration may refuse to register or re-register the motor vehicle cited for the violation or may suspend the registration of the motor vehicle cited for the violation. There is never an occasion where a judgment is entered against the alleged violator. There are... It runs to the vehicle. Runs to the vehicle, Your Honor, and it's important to put the violators in 3 categories. It's not a judgment that clogs title, real estate, or ends up on somebody's credit rating or something of that nature. Absolutely not. And in fact, Your Honor, there's not even a late fee associated with this. If I re-registered my vehicle today, and I went out and got a speed camera ticket tomorrow, then the only recourse would be, 2 years from now, when I have to re-register my vehicle in the State of Maryland, they would say, Mr. Karpinski, your vehicle has been flagged for a speed camera ticket. That you got 2 years ago, and you need to get that resolved before we'll go ahead and handle your registration. There's no late fee involved. There's no penalty involved. It's $40, even if you don't pay it at any time. So really, there are 3 categories of potential parties here. We have those that received the notice of citation, and they paid it. They got it in the mail, and I've gotten them. And it's either myself or my wife or my kids or someone is, you know, it's right there. Date, time, vehicle, location. And I get it, and I get it within 2 weeks, and I go, well, either I was exceeding the speed limit more than 12 miles an hour, or someone in my family was, and I just pay it. So I actually got that citation. The second group... That we're all these people are? No. No. The second group is the group that got the citation, and said, you know what, this is just flat out wrong. I wasn't speeding, or I wasn't the operator, or my vehicle had been stolen, or as permitted under the statutory scheme, I can present any defense I want in district court to that action. And I go to district court, and I go ahead, and I defend it and say, for whatever reason, I shouldn't have to pay this $40. And that's the second category of people. And those people got the citation, obviously, as well, because they availed themselves of due process. Those people are not before us, Your Honor, because although there were some that fell within that category, the district court found that they were barred by res judicata, and appellants failed to appeal that portion of Judge Motz's order. The third group would be those who contend that they never received the notice of citation. And I would note that none of the plaintiffs below or appellants here have asserted they did not receive the citation. But again, the only penalty, for lack of a better term, is if you claim you didn't get the citation, would be that you need to get it resolved before your next registration period. So the deprivation of a property right is very, very minimal on the alleged violator or the owner of the vehicle. So you send it to another state if they're out of state? Well, quite frankly, Your Honor, in all candor, we have very little recourse against out-of-state motorists, because the only recourse we have is regarding registration of the motor vehicle. So if it's sent to an out-of-state motorist that has committed a violation, it's sent, if they pay it, they pay it. If they don't pay it, there's really not much that can be done about it, because it's not a motor vehicle. If they don't pay it, that's the end of it. What's that? If the out-of-state driver doesn't pay it, that's the end of it. That's the end of it. We don't have any authority over the vehicle or the registration of the vehicle. So you have an equal protection problem. Well, no, not necessarily. You treat your residents worse than you do people out-of-state. Well, that was not raised, Your Honor. I know it wasn't, but that's, in fact, what you're doing. Well, it's just that we just... Because it's more of an administrative proceeding, it's not a civil lawsuit. It's administrative, much like an MVA proceeding. There's only so much authority that the jurisdiction has, and because of the statutory scheme, that it is really tied to registration of the vehicle. There is not much recourse for out-of-state. I guess, in theory, you could report it to a collection agency. You could do something of that nature. How much revenue are you all generating on this program? I don't know the exact numbers, Your Honor, but it is a situation where it does generate a substantial amount of money, but that money has to be used as an offset. Most of it goes back to the State of Maryland for public safety programs. The other money has to be earmarked for public safety issues within the various jurisdictions. Are there other towns in Maryland that are doing this other than just these two? Absolutely. So it's happening everywhere all over the state? It's happening all over the state, yes, Your Honor. Montgomery County... Is it only happening in these work zones and school zones? What if I'm driving up I-95? Do they take pictures of me? If you're in a construction zone, what will happen is it will say that it is a photo-enforced construction area, and if you are going more than 12 miles an hour over what is the speed limit in that construction zone, yes, you can get a citation for that. On any highway in the state? Correct. Correct. But the statute requires that there has to be posting. In other words, that you're actually entering into an area that is subject to photo-enforcement. In this instance, they just sued your two clients. That's correct. That's how they... That's correct. And there are other counties and there are other municipalities... The town of Forest Heights, all their stuff goes to Philadelphia. Because, well... It's not in Philadelphia. No, but the reason why is because depending upon the jurisdiction, they use different vendors that assist with the operation of the speed camera systems and the equipment. So you may have... But you're a collection agent, not Philadelphia. Right. And that part of the contract is who actually handles some of the billing. So Forest Heights uses a contractor that has someone in Philadelphia I have another client, Gaithersburg or Chevy Chase Village, that uses ACS out of New York. It's all really tied to the administrative services that are provided by the vendor who's providing equipment. Under the Maryland statute, does the... Can the state itself put these camera areas... make that applicable on a particular section of the state highway or does the locality in which the highway's located have to adopt an ordinance to make it applicable? The locality is, Your Honor. So what happens here is if you're in a school zone or you're in a construction area, those are really where the speed monitoring systems are located. That's where they have to be posted. There's a posting period where you have to give 30 days of a warning period where you just give out warning citations and then you can continue to do that. Generally, the public safety here, the interest is... It does, whether you like these cameras or not, it makes people slow down and makes them slow down in important areas where our kids are going to school and where we've got workers sitting out on I-95 and 495 doing work. So there's an important safety component to having these cameras operate. If you were, say, a resident of the District of Columbia and you drove to one of these towns and you got one of these citations and you didn't pay it and then you drive out in Maryland somewhere where there's... and you're pulled over for a defective tail light and they're running your information through the computer while the trooper's sitting there with you. Will this show up on that? No. Because with these citations it doesn't affect your insurance, it doesn't affect your points, and it does not... it cannot affect your driving privileges under your driver's license. So, no. This would not show up as something that... I mean, that's how minimal the burden is on the owner of the vehicle. It does not even affect them in that regard. And so, no. You get pulled over in a different jurisdiction, unlike if you fail to show up in traffic court for a moving violation where they could say that you failed to appear. That's not the case with a speed monitoring citation. It would have no effect or no bearing on that particular stop. I want to follow up on Judge Azee's question. You did say that if you don't pay this, repercussion, one of them at least, and the main one is, as you explained it, is that when you go to re-register your car, it will flag that you owe $40, so now you owe the reassurance, re-registration fee, plus that, correct? Plus the $40 you didn't pay. Is that right? You have to resolve the $40 citation, correct? That means that you are informing the Division of Motor Vehicles in your state that they have that citation. It has to be. Right? Because they're the ones who... The Division of Motor Vehicles are the ones who administer registration of car. So that information has to be connected to them to know that, that you owe $40, right? Correct. To the Maryland Department of Motor Vehicles. Okay, the state, right? Right. Okay, that's how it is in Virginia, right? Right. So if you come home, and this is what could happen here, these little places like you're talking about with your client, you come home, you have 12 of these citations. You say, I'm not paying any of them. So that's 12 times 40. At some point, couldn't the state of Maryland say, we're going to administratively take your license? Because you have 12 of these citations, and there's an indication that you, or someone in your car is speeding. They could administratively suspend the registration of the vehicle. They could not affect your driving license privileges because the statute does not,  who the operator would be. You could certainly suspend the voter, the registration for the vehicle. Oh, that car. Yeah. But you can't take the license but you would not prohibit you at all from driving a car. Correct. That's correct. That's the way the statute is set up. So, Your Honor, that is, Judge Motz did do a balancing test. But before we get to that balancing test, I mean, fundamentally, it starts with the Milan case, the Milan case back in 1950. And basically, that case has said that notice needs to be reasonably calculated to provide notice to the judge to the judge and to the affected individuals. And if that's the case, then due process is satisfied. And, certainly, the only real defendant, the real plaintiffs we have in this case are the ones who paid the citation. So, one, we knew they actually got it. And one of the cases that we cited was Moore v. City of Gaithersburg. All these plaintiffs are in Category 1. Correct. They have it. They got it. But you told me a while ago they weren't. Well, they're the only ones that are here on appeal. That's what I thought. Yeah, because That's what I was talking about. Yeah. The plaintiffs. Well, there are two sets of plaintiffs. There aren't, but the second category was thrown out. Correct. Yes. So, the only ones here, Your Honor, are those that received it and paid it. First category. First category. Yes, sir. Donovan paid it. And Moore v. City of Gaithersburg, this court said something to the effect of you cannot complain of due process if you did not avail yourself of the process in the first place. And this, in this particular instance, it's clear they received it. They elected not to go through the district court proceeding, which they could have had a full evidentiary hearing. They could have had a de novo hearing  if they wished to do so. They could have appealed that to our court of special appeals. They could have filed a petition for writ of certiorari to our court of appeals. They could have filed a petition for writ of certiorari to the Supreme Court. They were going to raise a constitutional issue. So all those, all that due process was available to individuals who unquestionably received the citations in the first place. And I think the cases that we've cited in our brief that followed Mullane with Tulsa Professional Collectional Services, Mennonite Board of Missions, Green v. Lindsay, they stand for really two important propositions. They stand for the proposition that in 1950 when Mullane was decided, the court did away with this analysis that we're going to worry about whether it's in persona, in rem, quasi in rem. The test is, whatever action it is, it is whether the notice is reasonably calculated to provide actual notice. Couldn't you have a subgroup in the class that's before us now? I don't think the plaintiffs made this argument. Maybe they have, but I don't think so. Where you did pay this $40 citation, but the only reason you paid it was your registration came up and there's this $40 citation on it and that doesn't necessarily mean that you got   the two years earlier. You just decided it's easier for me to pay the $40 now than it was two years ago. And that's the only reason you paid the $40 now than to fight it. Wouldn't there be a subgroup that could be within this class that wouldn't  gotten actual notice? Yes. And I think there are two points there, Your Honor. First is, there's not a group that is before this court that falls in that category and I believe that person would be able to try and seek recourse through the district court to say, look, I never got the notice and we're asking the court to exercise its authority to, revisionary authority to consider it if the person ultimately decided to do that. And the second point out of  and the other cases we've cited is that the Supreme Court has repeatedly said that regular mail is a reliable, less expensive way to go ahead and provide actual notice to people that are affected. And when you think about it in this case and you balance the fact that you're talking about $40 and you're talking about something that does not suspend someone's driving privileges, if you had to personally serve that person or you had to rely upon certified mail, that would be a tremendous burden upon any governmental agency to have to go ahead and do that. It just would be an onerous task, one, because personal service is tremendously expensive, and two, quite frankly, a lot of people don't pick up their certified mail. So regular mail is really the most reasonable, well-calculated way for people to actually receive what is in the mail. And of course the statute requires that for residents within the state of Maryland, they get it within two weeks. Out-of-state residents get it within 30 days. There's not a tremendous amount of lag time between one and the other. The other issue that was raised on appeal relates to this electronic signature. And I would just like to briefly discuss that issue. Before you do that, let me ask this, how many states have this similar statute? How many states have similar statutes? How many states are out doing this? You know, Your Honor, I don't know the answer to that question. Are you going to get it from everybody else in the circuit? I hope you don't get any more, but I don't know how many states actually do use them. Certainly, Maryland started with one county and they've been doing  long time. The courts have argued that an electronic signature is not appropriate under the circumstances. And I would just raise two points. As the district court indicated in its opinion, Maryland has adopted the Electronic Transaction Act, which is in the statute, which has been used ever since that decision for a due process analysis. And when you apply those factors, it's clear that an electronic signature is entirely appropriate and meets the minimum standards of due process. The first prong is whether the private interests that will be affected by the  signature are legitimate. There are no points. On the other hand, the countervailing benefit from the government's perspective is health and safety, making our motorists slow down around areas where, you know, we have kids and we have construction workers and we have other health and safety issues. The second  whether  government has the ability to meet the minimum standards of due process analysis. And the third prong is whether the government has the ability to meet the minimum     And the third prong is whether the government has the ability to meet the minimum standards of due process analysis. And the third prong is      ability    minimum standards of due process analysis. And the fourth prong is whether the government has the ability to meet the minimum  of due process analysis. And the  prong is whether the government has the ability to meet the minimum standards of due process analysis. And the last prong is whether the last prong is whether   has  ability is whether has ability to meet the
judges: Robert B. King, Roger L. Gregory, G. Steven Agee